UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOSHUA CONTARIO, ET AL | CIVIL ACTION NO. 17-cv-0675 |
| VERSUS | JUDGE FOOTE |
| KENDRICK BALL, ET AL | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

**Introduction**

Joshua and Susan Contario ("Plaintiffs") filed suit in state court for damages caused by a car accident in which Joshua was involved. They named as defendants the other driver, the driver's employer, and an insurer. The three defendants removed the case to federal court based on an assertion of diversity jurisdiction. The court issued an order (Doc. 5) that pointed out it was debatable whether the removing defendants had satisfied their burden of establishing that the amount in controversy exceeds $75,000. Defendants filed an Amended Notice of Removal (Doc. 7). After review, the undersigned concludes that the removing defendants have not satisfied their burden with respect to the amount in controversy and recommends, for the reasons that follow, that the case be remanded to state court.

**Removing Party's Burden**

A notice of removal may assert the amount in controversy if the plaintiff's initial pleading seeks a money judgment but state practice does not permit demand for a specific sum. 28 U.S.C. § 1446(c)(2)(A)(ii). Removal of such an action is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the

preponderance of the evidence, that the amount in controversy exceeds" $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1446(c)(2)(B) and 1332(a). The burden is on the removing party to show that removal is proper, and any doubts should be resolved against federal jurisdiction. <u>Vantage Drilling Co. v. Hsin-Chi Su</u>, 741 F.3rd 535, 537 (5th Cir. 2014).

Plaintiffs' petition, in accordance with Louisiana law, did not set forth a demand for a specific amount of damages. Defendants asserted in their notice of removal that the amount in controversy exceeds $75,000. Defendants may satisfy their burden on that issue by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy— in the notice of removal or an affidavit—that support a finding of the requisite amount. <u>Luckett v. Delta Airlines</u>, 171 F.3d 295, 298 (5th Cir. 1999); <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999).

**Facts in the Petition**

The state court petition alleges that Joshua Contario was driving a Ford F150 pickup truck on Highway 171 in Stonewall when he topped a hill and came upon a vehicle that was parked in his lane of travel. To avoid collision, Contario "was forced to take immediate evasive action resulting in him losing control of his vehicle, crossing the south bound lanes of travel and crashing inside the tree line." The petition alleges that Joshua "suffered injuries to the cervical spine, thoracic spine, lumbar spine, and right knee." The petition contains no other information about the nature or extent of those injuries or the type, duration, or expense of any related medical treatment. The petition does not pray for an amount of damages, but

it does list categories of damages such as pain and suffering, loss of income, medical bills, physical disability, and property damage.

**Additional Facts offered by Defendants**

Defendants' original notice of removal did not set forth any facts about Plaintiff's injuries, medical expenses, settlement demands, or otherwise that would help them meet their burden. The notice observed that the petition was "devoid of any allegation that the amount in controversy does not exceed $75,000," and stated that Defendants "have reason to believe" that the matter in controversy exceeds $75,000. No factual basis for that belief was provided.

The court issued an order and noted that it was debatable whether Defendants had satisfied their burden. The court pointed Defendants to a decision in a similar case, Wilson v. Hochheim Prairie Cas. Ins. Co., 2014 WL 508520 (W.D. La. 2014), which discussed several issues relevant to this case. Defendants were allowed time to file an amended notice of removal and set forth specific facts such as the nature and extent of the injuries, amount of medical bills, whether surgery was required, pre-suit settlement demands, and the like in an effort to meet their burden.

Defendants filed an amended notice of removal but did not set forth any such facts. Instead, they stated that the information they had concerning damages "was ascertained in a conversation with counsel for plaintiff in which he indicated that he was not sure if the damages were in excess or below $75,000, and that his client was to undergo an MRI." Defendants again pointed to the allegations in the petition of unspecified spine and knee injuries, the lack of an allegation that the amount in controversy does not exceed $75,000,

and stated: "Out of an abundance of caution, defendants seek to have the matter removed."

**Analysis**

It is necessary that Defendants show by a preponderance that the amount in controversy exceeds $75,000 with respect to the claim of one of the plaintiffs. The claims brought by Mr. and Mrs. Contario may not be aggregated to reach the amount. Eagle Star Ins. Co. v. Maltes, 313 F.2d 778, 779 n. 3 (5th Cir.1963); Loftin v. Hughes, 2014 WL 3893313, *2 n. 34 (E.D. La. 2014). If, however, the apparently larger claim of Mr. Contario were found to satisfy the amount in controversy, the court could exercise supplemental jurisdiction over Mrs. Contario's consortium claim. Daigle v. Borden Chemical, Inc., 2003 WL 22671726, *3 (E.D. La. 2003).

The petition does not make it facially apparent that more than $75,000 is in controversy. It states only that Joshua Contario suffered unspecified "injuries" to his spine and knee. The injuries might be serious, or they could be minor bruises; the petition does not tell us. The petition refers to a rather standard list of categories of damages sought, e.g., pain and suffering, medical bills, loss of income, etc. Such a list of categories can be found in almost every personal injury petition filed in the state and city courts. A personal injury suit does not become a federal case just because the plaintiff's attorney alleges an unspecified injury and includes a boilerplate list of damage categories. Otherwise, the amount in controversy element would be satisfied in virtually every personal injury suit filed in this state. Wilson v. Hochheim Prairie Cas. Ins. Co., 2014 WL 508520 (W.D. La. 2014).

Defendants' original and amended notice of removal did not set forth any additional facts about the nature and extent of the injuries, the kind of medical care afforded (other than a possible future MRI), the amount of medical expenses, settlement demands, or otherwise that would help meet their burden. Given the sparse facts available, Defendants have not satisfied their burden with respect to the amount in controversy.

Defendants state that they removed the case out of an abundance of caution. Rules are in place, however, to avoid the need for such knee-jerk removals that delay the resolution of the merits of the case and impose an unnecessary burden on the courts and parties. Defendants faced with a petition that contains little information about the amount in controversy should direct interrogatories, requests for admission, or similar discovery to the plaintiff in an effort to learn about the amount of damages at issue. Some defendants fear that the 30-day removal period will run while they pursue such information, but the removal period is triggered only where the initial petition "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 399 (5th Cir. 2013), quoting Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir.1992).

Petitions, like the one in this case, that state unspecified damage amounts do not trigger the time limit. For example, in Quest v. Church Mut. Ins. Co., 2013 WL 6044380 (E.D. La. 2013) the plaintiff alleged she was hit by a bus. She claimed "damages exceed[ing] $50,000" for neck and back injuries that would require lumbar surgery, past and future medical expenses, lost wages, permanent disability, etc. The court applied Mumphrey and

Page 5 of 7

<u>Chapman</u> and held that, despite the severity of the injuries described in the petition, the removal clock was not triggered until plaintiff responded to an interrogatory and said she sought in excess of $900,000. Such proper applications of the rules protect defendants from waiving removal and avoid wasted judicial resources.

**Conclusion**

Defendants have had two opportunities to satisfy their burden with respect to the amount in controversy. They have not pointed to facts in the petition or in their removal papers that provide facts to show that it is more likely than not that the amount in controversy exceeds $75,000. This court should determine that it lacks subject-matter jurisdiction and remand the case to state court.

Accordingly,

**IT IS RECOMMENDED** that the court find that Defendants have not satisfied their burden of establishing the requisite amount in controversy for removal based on diversity jurisdiction and remand this civil action to the 42nd Judicial District Court, DeSoto Parish, Louisiana, where this case was pending under Docket No. 78356.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of June, 2017.

_____
Mark L. Hornsby
U.S. Magistrate Judge